# United States District Court
## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**JOE NEWMAN GILL**<br>(Defendant's Name) | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Violation** of Probation or Supervised Release)<br>(For Offenses committed on or after November 1, 1987)<br>Criminal Number: **1:05CR00461-001**<br><br>CARRIE LEONETTI<br>Defendant's Attorney |

**THE DEFENDANT:**

[✔] admitted guilt to violation of charge(s) 1-2 as alleged in the violation petition filed on 3/14/2008.
[ ] was found in violation of condition(s) of supervision as to charge(s) ___ after denial of guilt, as alleged in the violation petition filed on ___.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following violation(s):

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| One | New Law Violation | 3/2/2008 |
| Two | Unlawful Use of a Controlled Substance | 3/17/2008 |

The court: [ ] revokes: [✔] modifies: [X] continues under same conditions of supervision heretofore ordered on 6/12/2006.

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] Charge(s) ___ is/are dismissed.

**Any previously imposed criminal monetary penalties that remain unpaid shall remain in effect.**

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

4/14/2008
Date of Imposition of Sentence

/s/ OLIVER W. WANGER
Signature of Judicial Officer

**OLIVER W. WANGER**, United States District Judge
Name & Title of Judicial Officer

4/15/2008
Date

| | |
|---|---|
| CASE NUMBER:   1:05CR00461-001 | Judgment - Page 2 of 4 |
| DEFENDANT:   JOE NEWMAN GILL | |

## SUPERVISED RELEASE

The defendant shall continue on supervised release as ordered in the judgment dated 6/13/2006.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔]   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✔]   The defendant shall submit to the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]   The defendant shall register and comply with the requirements in the federal and state sex offender registration agency in the jurisdiction of conviction, Eastern District of California, and in the state and in any jurisdiction where the defendant resides, is employed, or is a student. (Check, if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the search of his person, property, home, and vehicle by a United States Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall not dispose of or otherwise dissipate any of his assets until the fine and/or restitution order by this judgment is paid in full, unless the defendant obtains approval of the court.

3. The defendant shall provide the probation officer with access to any requested financial information.

4. The defendant shall not open additional lines of credit without the approval of the probation officer.

5. As directed by the probation officer, the defendant shall participate in a correctional treatment program (inpatient or outpatient) to obtain assistance for drug or alcohol abuse.

6. As directed by the probation officer, the defendant shall participate in a program of testing (i.e. breath, urine, sweat patch, etc.) to determine if he has reverted to the use of drugs or alcohol.

7. The defendant shall abstain from the use of alcoholic beverages and shall not frequent those places where alcohol is the chief item of sale.

8. As directed by the probation officer, the defendant shall participate in a program of mental health treatment (inpatient or outpatient.)

9. As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

10. The defendant shall consent to the probation officer and/or probation service representative conducting periodic unannounced examinations of (a) any computer, or (b) computer-related device, or (c) equipment that has an internal or external modem which is in the possession or control of the defendant. The defendant consents to retrieval and copying of all data from any such computer, computer-related device, or equipment as well as any internal or external peripherals to ensure compliance with conditions. The defendant consents to removal of such computer, computer-related device, and equipment for purposes of conducting a more thorough inspection and analysis.

    The defendant consents to having installed on any computer, computer-related device, and

AO 245B-CAED (Rev. 3/04) Sheet 3 - Supervised Release

| | |
|---|---|
| CASE NUMBER: 1:05CR00461-001 | Judgment - Page 4 of 4 |
| DEFENDANT: JOE NEWMAN GILL | |

equipment, at the defendant's expense, any hardware or software systems to monitor the use of such computer, computer-related device, and equipment at the direction of the probation officer, and agrees not to tamper with such hardware or software and not install or use any software programs designed to hide, alter, or delete his/her computer activities. The defendant consents to not installing new hardware without the prior approval of the probation officer.

11. The defendant shall enroll, reside, and participate in the Westcare Residential (inpatient) Drug Program for 90 days (3 months). In addition, the defendant shall participate and complete a 90 day aftercare program (3 months). The defendant shall not leave the program without authorization of the United States Probation Office or the program director. Involuntary termination of the program will result in supervised release being revoked and defendant will be sentenced to a term in custody of 9 months.